10-3015-cr
USA v. Aime

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

Present:
      AMALYA L. KEARSE,
      ROBERT D. SACK,
      ROBERT A. KATZMANN,
            *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

      *Appellee*,

         v.                              No.  10-3015-cr

BROWNY BIEN AIME,

      *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Brenda K. Sannes, Assistant United States Attorney (Edward P. Grogan, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y. |
| For Defendant-Appellant: | Heather Maure, Law Office of Mark Schneider, Plattsburgh, N.Y. |

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Browny Bien Aime appeals from the July 15, 2010 judgment of the district court, following a plea of guilty, convicting him of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b).  The district court sentenced Aime principally to twenty-one months of incarceration.  On appeal, Aime argues that (1) his sentence is procedurally unreasonable on the ground that the district court disregarded mitigating facts and did not properly consider the 18 U.S.C. § 3553(a) factors and (2) his sentence was substantively unreasonable because it was greater than necessary to serve the purposes of sentencing.  He emphasizes that he was not aware of the consequences of reentry into the United States and that lower sentences are imposed in districts that have fast-track sentencing programs.  We assume the parties' familiarity with the facts and procedural history of this case.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).  Our review has "two components:  procedural review and substantive review." *Id.*  We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).  We then review the substantive reasonableness of the sentence and reverse only when the district court's sentence

2

"cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Here, the district court expressly considered the § 3553(a) factors and the mitigating circumstances advanced by Aime. The court addressed, among other things, letters of support submitted on behalf of Aime, Aime's acceptance of responsibility and cooperation with the government, and his claim that he returned to the United States to see his family. The court considered also Aime's assertion that he was unaware of the criminal consequences of reentering the United States and determined that it did not warrant a reduced sentence. The court therefore considered each of Aime's contentions and concluded "that the purposes of 18 U.S.C. [§] 3553(a) will be satisfied by a sentence within the guidelines." App'x 18. In these circumstances, we find that the district court's application of the § 3553(a) factors was a proper exercise of its discretion.

Aime rejoins that his sentence is unreasonable on the ground that defendants in districts with so-called "fast-track" disposition programs receive lower sentences for the same offense. Our decision in *United States v. Mejia*, 461 F.3d 158 (2d Cir. 2006), however, foreclosed such an argument when it rejected the "false equivalence" between defendants in a fast-track jurisdiction and defendants in a non-fast-track sentencing district. 461 F.3d at 162; *see also United States v. Hendry*, 522 F.3d 239, 242 (2d Cir. 2008) (per curiam) (noting that *Mejia* "foreclosed" such an argument under the parsimony clause of § 3553(a)). Because the respective defendants are not similarly situated, and their sentences are not directly comparable, the district court properly carried out the directive of the parsimony clause. Thus, we conclude that the sentence the district court imposed was procedurally sound.

3

Finally, Aime's argument that his sentence was greater than necessary to serve the purposes of sentencing is without merit. In view of Aime's extensive criminal history and the need to deter Aime from reentering the United States illegally, we conclude that Aime's twenty-one-month sentence, in the middle of the advisory Guidelines range, is reasonable.

We have considered Aime's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK